UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACOB GROGAN, PAUL JONES, TERRANCE LEE, TREAVON WHITAKER, and JOSAPHAT HERNANDEZ individually and on behalf of all others similarly situated, <br><br>       Plaintiffs, <br><br>v. <br><br>ALL MY SONS MOVING AND STORAGE BUSINESS DEVELOPMENT LLC; and ALL MY SONS MOVING AND STORAGE OF RHODE ISLAND; ALL MY SONS OF BOSTON, LLC and CHRIS GENERALE <br><br>       Defendants | No. 19-cv-11531-PBS <br><br> LEAVE TO FILE GRANTED <br> August 11, 2021 |

## FIRST AMENDED CLASS ACTION COMPLAINT

1.  Plaintiffs Jacob Grogan, Paul Jones, Treavon Whitaker, Terrance Lee, and Josaphat Hernandez ("Plaintiffs") bring this Rule 23 class action on behalf of themselves and other drivers and helpers who have worked for Defendant All My Sons Moving and Storage out of its Massachusetts terminals.. Plaintiffs claim that Defendants have violated the Massachusetts Wage Law, G.L. c. 149, § 148, the Massachusetts Minimum Wage Law, G.L. c. 151, and M.G.L. c. 151 §§ 19(1) and 19(5). Specifically, Plaintiffs allege that Defendants had policies and practices that resulted in their failure to pay their drivers and helpers their agreed upon hourly rate for all of

1

the time that they worked, including failure to pay for (1) their actual travel time from defendants` terminal to to their first assignment for the day and other travel time during the day;, (2) their actual wait time, and (3) other off-the-clock work. In addition, Plaintiffs charge Defendants with retaliation based upon threats and intimidation which Defendants made to the Plaintiffs after Plaintiffs asserted their concerns with Defendants` wage practices.

    2.    Plaintiffs seek restitution on behalf of themselves and all other similarly situated drivers and helpers who were not paid for all the hours that they worked and were not paid, and for those hours where their effective hourly rate fell below the Massachusetts minimum wage. Plaintiffs also seek a statutory trebling of damages, attorneys' fees and costs, and prejudgment interest, all as provided for by law.

## PARTIES

    3.    Plaintiff Jacob Grogan is an adult resident of Pawtucket, Rhode Island, who began employment with All My Sons Moving and Storage in or around April 2018.

    4.    Plaintiff Terrance Lee is an adult resident of Pawtucket, Rhode Island, who began employment with All My Sons Moving and Storage in or around May 2017.

    5.    Plaintiff Paul Jones in an adult resident of Providence, Rhode Island, who began employment with All My Sons Moving and Storage in or around May 2015.

    6.    Plaintiff Treavon Whitaker is an adult resident of Providence, Rhode Island, who began employment with All My Sons Moving and Storage in or around August 2015.

    7.    Plaintiff Josaphat Hernandez is an adult resident of Lawrence, Massachusetts, who worked for All My Sons Moving and Storage at its Stoneham location in 2021.

    8.    Defendant All My Sons Moving and Storage of Rhode Island d/b/a All My Sons Moving and Storage (hereinafter "AMS"), is a Delaware corporation registered, existing and doing

business in the Commonwealth of Massachusetts, maintaining its principal place of business located at 685 Washington Street, Attleboro MA.

9. Defendant All My Sons Moving and Storage Business Development LLC is a limited liability company which maintains its national headquarters at 2400 Old Mill Road, Carrollton, Texas 75007 and has around 60 locations throughout the United States.

10. Defendant Chris Generale is the President of All My Sons Business Development LLC and upon information and belief, resides at 6146 Brentway Rd. Frisco, Texas 75034. Mr. Generale is also listed as a "Manager" of All My Sons of Boston, LLC.

11. Defendant All My Sons of Boston, LLC is an entity organized under the laws of Delaware.

## JURISDICTION

12. This Action was originally filed by Plaintiffs in Massachusetts Superior Court and was removed by Defendants on July 12, 2019, citing 28 U.S.C § 1332 in support of this Court's jurisdiction.

13. Pursuant to M.G.L. c. 149, § 150, the original named Plaintiffs have filed complaints with the Massachusetts Office of the Attorney General and have received letters informing them of their right to sue on behalf of themselves and other similarly situated employees.

## STATEMENT OF FACTS

14. Defendants operate a moving and storage company that employs individuals as drivers and helpers in the Commonwealth of Massachusetts, and throughout the United States.

15. The nature of Defendants' business requires that the drivers and helpers located in Massachusetts work full time for AMS arriving in the early morning at the Attleboro and

Stoneham terminals, preparing and then driving a moving van to and from locations where they are assigned to work for the day.

16. The drivers and helpers are regularly required to perform such tasks as cleaning the moving vans, and preparing the vehicles for the day, as part of their work for AMS.

17. Plaintiffs and all other putative class members are paid an hourly rate for their work. However, despite being informed that they are to be paid for all hours worked, Defendants maintain policies and practices such that the Plaintiffs and the putative class are regularly not paid for prepatory work performed at the terminal at the beginning of the day, nor for all of their travel time to and from jobs during and at the end of their day. Specifically, they are frequently not paid for all of their travel time in going from the terminal to their first job assignment for the day and for all of their time going from their last job of the day back to the terminal at the end of the day. In addition, they are not paid for certain time which they work in preparation for leaving for their first assignment, such as preparing the vehicles for departure by cleaning and stocking them with necessary items needed during the day to load furniture.

18. Accordingly, Plaintiffs and other members of the proposed class regularly work significantly more hours than they are actually paid for and which are reflected on their paystubs. For example, on December 18, 2018, a typical work day, Plaintiff Grogan worked 5.5 hours but was only paid for 3.5 hours, and this type of underpayment occurred in virtually every week that he worked for the Defendants.

19. Defendants thus do not maintain accurate records of the hours worked by their helpers and drivers as required by G.L. c. 151, § 15.

20. Defendants knew that Plaintiffs and other members of the proposed class performed more hours of work than the time listed on their paystubs.

4

21. As result of failing to pay for all hours worked there are weeks when Defendant has failed to pay the Plaintiffs and putative class members the Massachusetts minimum wage for all of the hours that they worked in a given week.

22. Upon learning that Plaintiffs and other employees were considering pursuing legal action, Defendants began engaging in numerous forms of retaliation, including, but not limited to: reducing Plaintiffs' hours; threatening to fire any employee who joined any legal action against Defendant; and threatening to move the company out of Massachusetts to avoid having to comply with Massachusetts law.

23. The proposed class of employees satisfies all the requirements for class certification, as the group is so numerous that joinder of all members in impracticable; there are questions of law and fact raised by Plaintiffs' claims common to all members of the proposed class; these common issues predominate over any individualized issues; Plaintiffs are typical of all other AMS drivers and helpers who work in Massachusetts; Plaintiffs and their counsel are adequate representatives of the class; and class treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I

### VIOLATIONS OF M.G.L. c. 149, § 148- MASSACHUSETTS WAGE ACT

24. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

25. Defendants required Plaintiffs to perform work for which the Plaintiffs' were not properly compensated.

26. Defendants failed to pay Plaintiffs their hourly rate for all hours worked "off-the-clock," as well as work-related travel time.

27. Defendants' failure to provide payment to Plaintiffs for the total number of hours worked constitutes a violation of M.G.L. c. 149, § 148.

28. Accordingly, Plaintiffs are entitled to relief pursuant to M.G.L. c. 149, § 150.

## COUNT II

### VIOLATIONS OF M.G.L. c. 151 § 1A- MASSACHUSETTS MinimumWage Law MGL chapter 151 Section 1;

29. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

30. The Defendants violated the Massachusetts minimum wage law by failing to pay Plaintiffs and putative class members the Massachusetts minimum wage for all hours worked in a week. Accordingly, Plaintiffs are entitled to relief pursuant to M.G.L. c. 151 § 1.

## COUNT III
### VIOLATIONS OF M.G.L. c. 149, § 148A and M.G.L. c. 151, §§ 19(1) and 19(5) - UNLAWFUL RETALIATION

31. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

32. Defendants have engaged in numerous acts ot threats and retaliation with the goal of intimidating Plaintiffs and other proposed class members since Defendants became aware of potential impending legal action. This includes, but is not limited to, reducing hours of employees, threatening employees with adverse employment actions and punishment, defaming employees, and other adverse actions.

33. Defendants' retaliatory actions constitute violations of M.G.L. c. 149, § 148A and M.G.L. c. 151, §§ 19(1) and 19(5).

## COUNT IV

### FAILURE TO MAINTAIN PROPER PAYROLL RECORDS IN VIOLATION OF M.G.L. c. 149, §148, M.G.L. c. 151, §15, AND 454 CMR 27.07(2)

34. Plaintiffs re-allege and incorporate by reference all allegation in all preceding paragraphs.

35. M.G.L. c. 149, § 148 provides, "An employer, when paying an employee his wage shall furnish to such employee a suitable pay slip, check stub or envelope showing the name of the employer, the name of the employee, the day, month, year, number of hours worked, and hourly rate, and the amounts of deductions or increases made for the pay period."

36. M.G.L. c. 151, §15 provides, "Every employer shall keep a true and accurate record of the name, address and occupation of each employee, of the amount paid each pay period to each employee, of the hours worked each day and each week by each employee."

37. 454 CMR 27.07(2) provides, "For each employee, the employer shall keep a true and accurate record of the employee's name, complete address, social security number, occupation, amount paid each period, hours worked each day, rate of pay, vacation pay, any deductions made from wages, any fees or amounts charged by the employer to the employee, dates worked each week, and such other information as the Director or the Attorney General in their discretion shall deem material and necessary."

38. M.G.L. c. 151, § 19 provides, " An employer of the officer or agent of the corporation who fails to keep the true and accurate records required under [M.G.L. c. 151] … shall have violated [M.G.L. c. 151, §19]."

39. M.G.L. c. 149, §150 provides, "An employee claiming to be aggrieved by a violation of section 19 of chapter 151 may… prosecute in his own name… a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits."

40. As a result of Defendants' failuire to keep proper records of the hours worked by the Plaintiffs and to issue pay stubs that indicate the actual total number of hours worked, Plaintiffs suffered damages.

41. Defendants' failure to comply with M.G.L. c. 151, §19 and M.G.L. c. 149, §148 entitles Plaintiffs to recover treble damages, interest, reasonable attorney's fees and costs pursuant to M.G.L. c. 149, §150.

**WHEREFORE**, Plaintiffs request that this Court enter the following relief:

A. Certification of this action as a class action pursuant to Mass. Rule of Civil Procedure 23;

B. In the alternative, certify this case as a class action pursuant to M.G.L. c. 151, §20 and M.G.L. c. 149, §148;

C. Restitution of the unpaid wages, including unpaid overtime;

D. Restitution of the proper hourly rate for all hours worked "off-the-clock" that were not recorded in Defendant's records;

E. Statutory trebling of damages;

F. Attorneys' fees and costs;

G. Prejudgment Interest; and,

H. Such other relief as this Court deems equitable and just.

Dated:  August 11, 2021

                Respectfully submitted,

                Plaintiffs,
                By and through Counsel


                */s/ Matthew Thomson*
                Harold L. Lichten, BBO# 549689
                Matthew Thomson, BBO# 682745
                LICHTEN & LISS-RIORDAN, P.C.
                729 Boylston St., Suite 2000
                Boston, MA 02116
                (617) 994-5800

                Thomas J. Cleary (BBO# 669296)
                Jack C. Zachary (BBO# 704080)
                COHEN CLEARY, P.C.
                10 Commerce Way, Suite 4
                Raynham, MA 02767
                Tel: (508) 880-6677;
                Fax: (508) 880-6679
                tcleary@cohencleary.com
                jzachary@cohencleary.com


## CERTIFICATE OF SERVICE

I hereby certify that this pleading was served electronically on all counsel of record via ECF on August 11, 2021.


                /s/ Matthew Thomson
                Matthew Thomson